UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Xavier Wilks<br><br>     Plaintiff,<br><br>v.<br><br>Broward Adjustment Services, Inc.<br><br>     Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Xavier Wilks ("Xavier"), is a natural person who resided in Miami, Florida, at all times relevant to this action.

2. Defendant, Broward Adjustment Services, Inc. ("BAS"), is a Florida Corporation that maintained its principal place of business in Ft. Lauderdale, Florida, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Xavier's claims under the Florida Consumer Collection Practices Act, Fla. Stat., § 559.55, et seq., because those claims share a common nucleus of operative facts with Xavier's claims under the FDCPA.  S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010)

1

("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. Before BAS began contacting Xavier, it and Xavier had no prior business relationship and Xavier had never provided express consent to BAS to be contacted on his cellular telephone.

7. BAS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of BAS's revenue is debt collection.

9. BAS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. As described, *infra*, BAS contacted Xavier to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Xavier is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Around May 2014, BAS contacted Xavier on Xavier's cellular phone in an attempt to collect a debt for another individual.

14. During this communication, Xavier notified BAS that BAS called the wrong number and Xavier was not the individual BAS was looking for.

15. In addition, Xavier requested BAS cease further calls to Xavier.

16. Despite this request, BAS continued to call Xavier on Xavier's cellular phone within the past twelve (12) months.

17. On more than one occasion, Xavier notified BAS that Xavier was not the individual BAS was looking for and requested BAS cease further calls to Xavier.

18. BAS's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Xavier.

19. BAS unreasonably relied upon inaccurate information provided to BAS by one (1) or more original creditors for whom BAS was attempting to collect a debt when BAS called Xavier's cellular telephone.

20. BAS's policies and procedures violate the FDCPA.

21. BAS caused emotional distress to Xavier.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

22. Xavier re-alleges and incorporates by reference Paragraphs 13 through 21 above as if fully set forth herein.

23. BAS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Xavier in connection with the collection of the debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

24. Xavier re-alleges and incorporates by reference Paragraphs 13 through 21 above as if fully set forth herein.

25. BAS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Negligent Violation of the Telephone Consumer Protection Act

26. Xavier re-alleges and incorporates by reference Paragraphs 13 through 21 above as if fully set forth herein.

27. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

28. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

29. BAS used a predictive dialer system to call Xavier on his cellular phone.

30. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or

4

produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

31. A predictive dialer system is an automated telephone dialing system ("ATDS") within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS, *7-9 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

32. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

33. Xavier was the "called party" in each telephone call BAS placed to a Xavier's cellular telephone.

34. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

35. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

36. BAS negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Xavier on his cellular telephone without Xavier's prior express consent or after such consent had been revoked.

## COUNT FOUR

### Willful and Knowing Violation of the Telephone Consumer Protection Act

37. Xavier re-alleges and incorporates by reference Paragraphs 13 through 21, and Paragraphs 27 through 35 above as if fully set forth herein.

38. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

39. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

40. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S.

6

Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

41. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

42. BAS voluntarily placed telephone calls to Xavier's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

43. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

44. BAS failed to adequately place intermittent live verification calls to Xavier's cellular telephone number to ensure that Xavier had provided his/her express consent to BAS to call those telephone numbers.

45. BAS willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Xavier on his cellular telephone without Xavier's prior express consent or after such consent had been revoked.

## COUNT FIVE

### Violations of the Florida Consumer Collection Practices Act

46. Xavier re-alleges and incorporates by reference Paragraphs 13 through 21 above as if fully set forth herein.

47. BAS is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

48. Xavier is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

49. BAS attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

50. BAS willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Xavier with such frequency as can reasonably be expected to harass Xavier, or engaging in other conduct which can reasonably be expected to abuse or harass Xavier.

## JURY DEMAND

51. Xavier demands a trial by jury.

## PRAYER FOR RELIEF

52. Xavier prays for the following relief:

    a. Judgment against BAS for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. An order enjoining BAS from placing further telephone calls to Xavier's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against BAS for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call BAS made in violation of the TCPA.

d. Judgment against BAS for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By:   /s/ John P. Murray
One of Plaintiff's Attorneys

Date: August 7, 2015

*Of Counsel*
John P. Murray, Esq.
Florida Bar No. 975818
2655 Lejeune Rd. PH1-D
Coral Gables, FL  33134
Phone:  305-779-4814
Fax: 305-779-4819
Email: john@johnpmurray.com